# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HENRY FROMETA GONZALEZ,

    Plaintiff,

vs.

J. G. COX, et al.,

    Defendants.

Case No. 2:13-cv-01090-APG-NJK

**O R D E R**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (Dkt. #1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. *See* 28 U.S.C. § 1915(b)(2).

    The court has reviewed the complaint, and the court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that after the Nevada Supreme Court reversed his conviction on some counts, his sentence should have expired in April 2012. He asks the court to order his release from prison. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The court cannot give plaintiff the relief he seeks in a civil rights action pursuant to 42 U.S.C. § 1983. Amendment of the complaint could not cure this defect.

Plaintiff's motion to request appointment of counsel (Dkt. #2) is moot because the court is dismissing this action.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Dkt. #1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even though this action is being dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #94818), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.

1  The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
2  also send a copy of this order to the attention of the chief of inmate services for the Nevada
3  Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
4        **IT IS FURTHER ORDERED** that plaintiff's motion to request appointment of counsel
5  (Dkt. #2) is **DENIED** as moot.
6        **IT IS FURTHER ORDERED** that the clerk of the court shall file the complaint.
7        **IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim
8  upon which relief can be granted.  The clerk of the court shall enter judgment accordingly.
9        **IT IS FURTHER ORDERED** that an appeal from the court's judgment would not be taken
10 in good faith.
11       DATED:  December 19, 2013.

                                                        _____
                                                        ANDREW P. GORDON
                                                        United States District Judge